IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| DOUGLAS M. RAY, JR., | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) Civil No. 3:10cv136 |
| | ) |
| ALLERGAN, INC., *et al.*, | ) |
| | ) |
| DEFENDANTS. | ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION
SEEKING ACCESS TO AND USE OF COURTROOM SECURITY
CAMERA VIDEO FOOTAGE FROM APRIL 27, 2011**

Defendant Allergan, Inc. ("Allergan"), by counsel, states as follows in support of its Motion Seeking Access To And Use Of Courtroom Security Camera Video Footage from April 27, 2011:

This is a failure-to-warn case involving the Food and Drug Administration ("FDA")-approved prescription biologic BOTOX®. During trial, Plaintiff's counsel questioned several witnesses about the alleged need for, and Allergan's ability to add a boxed warning to the top of the BOTOX® label in early 2007. The addition of such a warning was central to Plaintiff's theory of the case, as acknowledged by Plaintiff's counsel in the following exchange:

> THE COURT: .... Are you planning on using the black box issue?
>
> MR. CHESTER: Yes sir, I think I'm whetted [sic] to that. That's how I tried the case. I put that exhibit up.

(Trial Transcript at 1518:6-11, attached hereto as Exhibit A.)

The enabling regulations of the federal Food, Drug and Cosmetics Act prohibit drug and biologics manufacturers from adding a boxed warning at the top of the label without prior approval from the FDA. *See* 21 C.F.R. § 601.12(f)(1); 21 C.F.R. § 201.57(a). Accordingly,

during argument over the jury instructions in this case, the Court ruled that Plaintiff's counsel could not argue without further instruction to the jury that in early 2007 Allergan should have unilaterally added a boxed warning to its label. (*See* Trial Tr. at 1503:17-1523:21.) Specifically, the Court stated that Plaintiff could not argue that Allergan should have added a boxed warning unless the jury was also instructed that Allergan could not have added such a warning without prior approval from the FDA. (*Id.* at 1521:5-14.)

Rather than face this added instruction, Plaintiff's counsel agreed not to argue that Allergan should have added a boxed warning. (*Id.* at 1523:11-21.) During this exchange, Allergan's counsel specifically raised the concern that to get around this ruling, Plaintiff's counsel would simply avoid using the words "black box" during his closing argument, but would still argue that Allergan should have added a prominent, bold warning to the top of its label equivalent to a boxed warning. (*Id.* at 1522:13-17.)

During closing argument, Plaintiff's counsel did, in fact, argue to the jury that Allergan should have added a bold, prominent warning concerning spread of toxin to the top of its label:

- "It should have been very prominently displayed right up front in the label, where no one could miss it." (*Id.* at 1559:24-1560:1);

- "Well, the United States label is a local label and guess what's in section 6 through 15, spread of toxin warning with a big, bold heading, but it wasn't in the United States label." (*Id.* at 1560:12-15);

- "Now, lets talk about the issue of prominence. . . . If you've got something serious to warn them about, don't bury it in the fine print on page 3. Put it right up front in big, bold letters. That's the law and they didn't do it." (*Id.* at 1560:18-1561:4);

- "If there's a serious risk, you need to put it somewhere prominent and they didn't do that here, by design." (*Id.* at 1561:23:25);

- "We know that billions of dollars are at stake, and we heard the vice president of sales tell us what our common sense already knew and that is having a prominent warning about serious adverse events and deaths right up at the beginning of your label where everybody could see it, . . . that's not good for sales." (*Id.* at 1565:24:1566:6.)

Allergan believes that in conjunction with this argument, Plaintiff's counsel repeatedly made a hand gesture to the jury indicating the shape of a box. Allergan further believes that such action would constitute a clear violation of the Court's prior ruling, and would have so severely and unfairly prejudiced Allergan by suggesting to the jury that the unilateral addition of a boxed warning was possible that a new trial would be necessary.

Accordingly, Allergan now seeks a copy of the courtroom security camera video footage reflecting the closing argument made by Plaintiff's counsel. Specifically, Allergan requests that the Court authorize the United States Marshals Service to release a copy of the courtroom video footage for Wednesday, April 27, 2011, showing the attorney lectern between 9:30 a.m. and 12:00 p.m. EDT. Allergan respectfully submits that this footage is needed for use in preparing its post-trial motions and, if necessary, for preparing its appeal to the United States Court of Appeals for the Fourth Circuit.

    Respectfully submitted,

    ALLERGAN, INC.

    /s/ Brian D. Fowler
    Gary J. Spahn (VA Bar #15285)
    Brian D. Fowler (VA Bar #44070)
    TROUTMAN SANDERS LLP
    1001 Haxall Point
    P. O. Box 1122
    Richmond, VA 23218-1122
    Telephone: (804) 697-1200
    Fax: (804) 697-1339
    gary.spahn@troutmansanders.com
    brian.fowler@troutmansanders.com

Ellen L. Darling (CA Bar #149627) (*pro hac vice)*
Brendan M. Ford (CA Bar #224333) (*pro hac vice)*
SNELL & WILMER L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Fax: (714) 427-7799
edarling@swlaw.com
bford@swlaw.com

Vaughn Crawford (AZ Bar #006324) (*pro hac vice*)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren Street
Phoenix, AZ 85004
Telephone: (602) 382-6368
Fax: (602) 382-6070
vcrawford@swlaw.com

GinaMarie Slattery (AZ Bar #012867) (*pro hac vice*)
SLATTERY PETERSEN PLLC
111 West Monroe, Suite 1000
Phoenix, AZ 85003
Telephone: (520) 885-3222
Fax: (520) 885-3251
gslattery@slatterypetersen.com

*Counsel for Defendant*

## Certificate of Service

I hereby certify that on the 2nd day of May, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to the following:

>Stephen W. Bricker (VA Bar #14564)
>Christopher L. Anderson (VA Bar #35173)
>BrickerAnderson, P.C.
>411 E. Franklin Street, Suite 504
>Richmond, VA 23219
>Telephone: (804) 649-2304
>Fax: (804) 649-3380
>bricker@brickeranderson.com
>
>Ray Chester (*pro hac vice*)
>Jessica Palvino (*pro hac vice*)
>Brian Thompson (*pro hac vice*)
>McGinnis, Lochridge & Kilgore, LLP
>600 Congress Avenue, Suite 2100
>Austin, TX 78701
>Telephone: (512) 495-6000
>Fax: (512) 495-6093
>rchester@mcginnislaw.com
>
>*Counsel for Plaintiff*

>/s/ Brian D. Fowler
>Gary J. Spahn (VA Bar #15285)
>Brian D. Fowler (VA Bar #44070)
>TROUTMAN SANDERS LLP
>1001 Haxall Point
>P.O. Box 1122
>Richmond, VA 23218-1122
>Telephone: (804) 697-1200
>Fax: (804) 697-1339
>gary.spahn@troutmansanders.com
>brian.fowler@troutmansanders.com